Filed 8/24/21  P. v. Delgado CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>IVAN DELGADO,<br><br>　　Defendant and Appellant. | B302051<br><br>Los Angeles County<br>Super. Ct. No. VA148234 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge. Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Ivan Delgado pled no contest to attempted murder, and admitted the allegation that he personally used a firearm. The trial court sentenced him to 12 years in state prison. On appeal, Delgado contends the trial court abused its discretion by permitting the prosecution to file an amended information adding a charge of willful, deliberate, and premeditated attempted murder. He asserts there was insufficient evidence admitted at his preliminary hearing to support the new charge. We reject Delgado's contention and affirm.

## PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging Delgado with assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2); count one), possession of a firearm by a felon (§ 29800, subd. (a)(1); count two), and shooting at an unoccupied vehicle (§ 247, subd. (b); count three). The information further alleged Delgado committed counts one and two for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members. (§ 186.22, subd. (b)(1)(A) and (C).) With respect to count one, the information also alleged Delgado caused great bodily injury (§ 12022.7, subd. (a)), personally used a firearm (§ 12022.5, subd. (a)), and sustained a prior prison term conviction (§ 667.5, subd. (b)). Delgado pled not guilty to all counts and denied all allegations.

---

1      All further undesignated statutory references are to the Penal Code.

On April 26, 2019, over Delgado's objection, the trial court permitted the prosecution to file an amended information. The amended information added an additional count of attempted willful, deliberate, and premeditated murder. (§§ 664, 187, subd. (a); count four). With respect to count four, criminal street gang (§ 186.22, subd. (b)(1)(C)), great bodily injury (§ 12022.7, subd. (a)), firearm allegations (§§ 12022.5, subd. (a), 12022.53, subds. (c)-(d)), and a prior prison term conviction (§ 667.5, subd. (b)) were also alleged. Delgado pled not guilty to count four and denied the new allegations.

Nearly five months later, on September 18, 2019, the case was called for a readiness hearing. Delgado pled no contest to attempted murder,[2] and admitted he personally used a firearm (§ 12022.5, subd. (a)). The plea agreement provided Delgado would serve 12 years in state prison. The court imposed that sentence, which consisted of the upper term of nine years on the attempted murder count, plus a three-year personal use of a firearm enhancement.

Delgado timely appealed. Thereafter, the trial court granted Delgado's request for a certificate of probable cause.

## FACTUAL BACKGROUND[3]

At about 5:15 p.m. on July 10, 2018, R.G. was taking a nap at his home on Elaine Avenue in Norwalk, when he heard what he thought were fireworks. Later that evening, a police officer

2     Based on the parties' plea agreement, the court dismissed the allegation that the attempted murder was willful, deliberate and premeditated.

3     The following facts are taken from the transcript of the preliminary hearing.

knocked on his door, and R.G. went outside to inspect his truck. There was damage to the truck's left front fender. The damage was not there before R.G. heard what he thought were fireworks.

That same evening, at approximately 5:15 p.m., Deputy Velasquez responded to a call of shots fired near Elaine Avenue. After responding, Deputy Velasquez went to Saint Francis Hospital and interviewed M.A., who had been shot in the arm. M.A. said he was riding his bike in an alley. When he approached Elaine Avenue, he saw two men standing across the street. The men yelled, "Where are you from?" and then said, "This is Orange Street." M.A. responded, "I know where I'm at." One of the men removed a gun and began firing at M.A. As he ran away, M.A. heard several gunshots and was hit in the right arm.

M.A. initially identified the men by their monikers, Droopy and Chico. At M.A.'s direction, Deputy Velasquez searched the Orange Street Locos on Google, and watched a video on YouTube consisting of a slideshow of photographs with music. Shortly into the video, M.A. asked Deputy Velasquez to pause it on a photograph of two men, and said those were the two men who had shot him. Deputy Velasquez recognized the two men as Delgado and Aaron Aguirre, a minor. Two days later, M.A. identified Delgado as the shooter from a photographic lineup.

Deputy Velasquez testified he was familiar with the Orange Street Locos gang. The gang had about 50 documented members, and about a dozen active members. The shooting occurred in an area within territory claimed by the gang. In Deputy Velasquez's opinion, both Delgado and Aguirre were members of the Orange Street Locos gang, and the shooting was committed for the benefit of, in association with, or at the direction of the gang.

4

**DISCUSSION**

Delgado contends the trial court erred by permitting the prosecution to amend the information to add a charge of attempted willful, deliberate, and premeditated murder because the new charge was not supported by the evidence at the preliminary hearing. Specifically, he argues there was no evidence presented that Delgado intended to kill the victim. The Attorney General counters that although direct evidence of a defendant's intent rarely exists, intent to kill may be inferred here from the evidence presented at the preliminary hearing. We agree with the Attorney General.

Section 1009 grants the trial court discretion to permit the amendment of the information at any time, so long as the amended charge is supported by the evidence at the preliminary hearing.[4] (*People v. George* (1980) 109 Cal.App.3d 814, 818.) "'Evidence that will justify a prosecution need not be sufficient to support a conviction. [Citations.]'" (*Rayyis v. Superior Court* (2005) 133 Cal.App.4th 138, 150.) The test is whether the evidence at the preliminary hearing would lead a person "''of ordinary caution or prudence . . . to believe and conscientiously

---

4    Section 1009 provides, in relevant part: "The court in which an action is pending may order or permit an amendment of an indictment, accusation or information . . . at any stage of the proceedings . . . . [T]he trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted. An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

entertain a strong suspicion of the guilt of the accused.'" [Citations.]" (*Ibid.*) "'"[A]lthough there must be *some* showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences[.]"'" (*Ibid.*) We will not disturb the trial court's decision to permit an amendment in the absence of a clear abuse of discretion. (*People v. Bolden* (1996) 44 Cal.App.4th 707, 716.)

"'Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.' [Citation.] Because direct evidence of a defendant's intent rarely exists, intent may be inferred from the circumstances of the crime and the defendant's acts. [Citation.]" (*People v. Sanchez* (2016) 63 Cal.4th 411, 457.) "The crime of attempted murder is not divided into degrees, but the sentence can be enhanced if the attempt to kill was committed with premeditation and deliberation. [Citation.]" (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*).) "'"An intentional killing is premeditated and deliberate if it occurred as the result of preexisting thought and reflection rather than unconsidered or rash impulse.' [Citation.]"'" (*People v. Brady* (2010) 50 Cal.4th 547, 561.) The "three categories of evidence relevant to determining premeditation and deliberation [are]: (1) events before the murder that indicate planning; (2) a motive to kill; and (3) a manner of killing that reflects a preconceived design to kill." (*Gonzalez, supra,* 54 Cal.4th at p. 663.) These guidelines, however, are "not all required [citation], nor are they exclusive in describing the evidence that will support a finding of premeditation and deliberation." (*Ibid.*)

Applying the above-stated principles, we conclude the trial court did not abuse its discretion by granting the prosecution leave to file the amended information adding a new charge of attempted willful, deliberate, and premeditated murder. At the preliminary hearing, Deputy Velasquez testified that Delgado was a member of the Orange Street Locos gang. He further testified that as the victim rode his bike in an alley in a territory claimed by the gang, Delgado and Aguirre (another member of the gang) were across the street and yelled, "Where are you from?" and "This is Orange Street." After the victim responded, "I know where I'm at" Delgado pulled out a gun. Such a gang challenge indicates Delgado may have planned a murderous attack to promote the interests of his gang. Further, although the victim ran away after Delgado pulled out his gun, Delgado proceeded to fire several shots at the victim, one of which hit him in his right arm. We conclude that an ordinarily cautious person could, on the basis of Deputy Velasquez's testimony, entertain a strong suspicion that Delgado intended to kill the victim and the attempt to kill was committed with premeditation and deliberation. The trial court therefore did not abuse its discretion by concluding the amendment was supported by evidence offered at the preliminary hearing.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS\**


CURREY, J.

We concur:



MANELLA, P.J.



COLLINS, J.